UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOHN RANDALL RHEA, Father and )
Next of kin of GLENN RANDALL RHEA, )
Deceased, )
 )
       Plaintiff, )
 )
 )   No. 3:08-CV-35
 )   (PHILLIPS/GUYTON)
V. )
 )
BROWN MANUFACTURING CORP., )
 )
       Defendant. )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Court [Doc. 68] referring the Plaintiff's Motion *in Limine* to Exclude Testimony of Joel Kenneth Webb [Doc. 66] to this Court for disposition.

In his Motion to Exclude, the Plaintiff contends that Joel Kenneth Webb ("Mr. Webb") is an expert witness to be called by the Defendant, who was not properly disclosed under Rule 26 of the Federal Rules of Civil Procedure. [Doc. 66 at 1]. The Plaintiff asserts that "[t]he nature of Mr. Webb's testimony is his knowledge of the product and its uses based upon his experience in the industry." [Doc. 66 at 1]. The Plaintiff claims this knowledge is specialized and of a scientific or technical nature, and thus, this expert testimony should have been disclosed within the expert disclosure deadline set by the Court.

The Defendant responds [Doc. 76] that Mr. Webb is a fact witness, not an expert witness. The Defendant states that Mr. Webb is the general manager of one of the Defendant's leading distributors and he has factual information about the number and types of products that are produced

by the Defendant. The Defendant represents that "Mr. Webb may not testify at trial as an expert witness," and the Defendant further states, "Mr. Webb's testimony will be factual and does not fall within the testimony of [Federal Rule of Evidence 702]." [Doc. 76 at 3].

Having heard the parties' positions, the Court finds that the Motion to Exclude **[Doc. 66]** shall be **GRANTED IN PART** and **DENIED IN PART**. The Plaintiff's request that Mr. Webb be excluded from testifying as an expert witness will be **GRANTED**, because the Defendant has stipulated that Mr. Webb is a factual witness and that he will not be testifying as an expert. The Court has reviewed the parts of Mr. Webb's deposition that were filed with the Court and has considered the nature of his testimony, and the Court concludes that Mr. Webb's testimony entails factual knowledge. To the extent the Plaintiff has requested that Mr. Webb be excluded from testifying to his factual knowledge, this request will be **DENIED**. Mr. Webb may testify regarding his factual knowledge of the product at issue.

**IT IS SO ORDERED.**

ENTER:

_____s/ H. Bruce Guyton_____
United States Magistrate Judge