# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **JOHN RANDALL RHEA**, Father and Next of Kin of **GLENN RANDALL RHEA**, deceased, )<br>)<br>)<br>)<br>     **Plaintiff,**     )<br>)<br>**v.**     )<br>)<br>**BROWN MANUFACTURING CORP.,**     )<br>)<br>)<br>     **Defendant.**     ) | No. 3:08-cv-35<br>(Phillips) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion for Partial Summary Judgment [Doc. 27] and defendant's Motion to Bifurcate the Trial [Doc. 26]. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.

In the Motion for Partial Summary Judgment [Doc. 27], defendant requests that the Court grant summary judgment on the issue of punitive damages. In the Motion to Bifurcate the Trial [Doc. 26], defendant requests that the Court bifurcate the trial into two phases: (1) the first phase to determine liability (for both compensatory and punitive damages) and the amount of compensatory damages; and (2) if applicable, the amount of punitive damages.

For the following reasons, defendant's Motion to Bifurcate the Trial [Doc. 26] is **GRANTED**, whereby the trial shall be bifurcated into two phases. Defendant's Motion for Partial Summary Judgment [Doc. 27] is **DENIED** because there are genuine issues of material fact regarding (1) whether there was a significant and material deviation between the Brown Tree Cutter

1

and other comparable tree cutters as it relates to safety; and (2) if so, whether defendant knew of such deviation.

## I. INTRODUCTION

On March 29, 2007, the decedent, Glenn Rhea, was operating a Brown Tree Cutter Model "TCO 2615C" (hereafter, "tree cutter"). While operating the tree cutter, Mr. Rhea came into contact with one of the machine's blades. The blade severed his leg below the knee, causing him to hemorrhage. Glenn Rhea passed away a few days later on April 2, 2007 due to blood loss.

On February 2, 2008, plaintiff- John Randall Rhea, the father of the decedent- filed a products liability action against the manufacturer of the tree cutter, Brown Manufacturing Corporation. Plaintiff argues that the product had a "defective design," and that he should be award both punitive and compensatory damages.

On March 8, 2008, defendant filed a Motion for Partial Summary Judgment [Doc. 27] on the issue of punitive damages. Defendant argues that it did not behave "recklessly"- that is, it did not disregard a substantial and unjustifiable risk of injury. *See* Hodges v. S.C. Toof & Co., 833 S.W. 2d 896, 901 (Tenn. 1992) (defining the "recklessness" standard for awarding punitive damages). Plaintiff responded [Doc. 28], arguing that there is a genuine issue of material fact as to whether (1) the product substantially deviated from the industry standards of safety; and (2) if so, whether defendant was aware of such deviation. On March 8, defendant also filed a Motion to Bifurcate the Trial [Doc. 26]. Both motions are now before the Court.

## II. STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, a court may grant summary judgment only when there is no genuine issue of material fact and the moving party is entitled to

judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must construe the facts and draw all inferences therefrom in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zendith Radio Corp., 475 U.S. 574, 587 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); *see also, e.g.* Bridgeport Music, Inc. v. WB Music Corp., 508 F.3d 394, 397 (6th Cir. 2007) ("The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, and all inferences should be made in favor of the non-moving party."). With regard to issues where the moving party will not bear the ultimate burden of proof at trial, "the burden on the moving party may be discharged by 'showing' ... that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. The burden then shifts to the non-moving party to demonstrate the existence of genuine issues of material fact. Id. at 324. The non-moving party demonstrates the existence of genuine issues of material fact by "going beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file . . ." Id. If the non-moving party fails to meet this burden, the moving party is entitled to summary judgment.

### III. ANALYSIS

#### A. Defendant's Motion for Partial Summary Judgment [Doc. 27]

Defendant argues that summary judgment on the issue of punitive damages is appropriate because defendant did not act "recklessly." *See* Hodges, 833 S.W. 2d at 901 (recognizing that a court may award punitive damages only if a defendant acted intentionally, fraudulently, maliciously,

3

or recklessly). A person acts "recklessly" when they are "aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances." Id. (citations omitted).

Defendant argues that it did not behave "recklessly" because the tree cutter had not previously harmed anyone, and therefore it was not aware of its risk. In response, plaintiff argues that defendant was aware of and disregarded risks of the product. In particular, plaintiff argues that defendant disregarded scientific and technological information available at the time the product was designed. Plaintiff argues that the product deviated so far from the industry standard of safety that defendant was aware of its danger.

The Court finds that summary judgment on the issue of punitive damages is not appropriate. In this case, there are at least two disputed issues of material fact. First, there is a genuine issue of material fact regarding whether the tree cutter substantially deviated from the industry standard of safety. Second, there is a genuine issue of material fact regarding defendant's knowledge of such deviation (assuming that there was a deviation). To act "recklessly," the defendant must have been "aware of, but consciously disregarded" a substantial risk. Id. What exactly the defendant *knew* is the subject of this case. This is a question of fact for the jury, not the Court, to decide.

During trial, it is plaintiff's burden to demonstrate that the tree cutter substantially deviated from the industry standard of safety. If plaintiff fails to provide evidence on this issue, then there was not a risk inherent in the product. In that case, the Court would order a directed verdict on the issue of punitive damages. However, at the summary judgment stage, the Court will not decide this issue. Accordingly, defendant's Motion for Partial Summary Judgment [Doc. 27] is **DENIED**.

4

### B. Defendant's Motion to Bifurcate the Trial [Doc. 26]

In the Motion to Bifurcate the Trial [Doc. 26], defendant requests that the Court bifurcate the trial into two phases: (1) the first phase to determine liability (for both compensatory and punitive damages) and the amount of compensatory damages; and (2) the second phase to determine, if applicable, the amount of punitive damages. The Tennessee Supreme Court adopted this framework in Hodges v. S.C. Toof & Company, 833 S.W. 2d at 901.

The Court agrees that bifurcation is appropriate because plaintiff seeks both compensatory and punitive damages. Accordingly, defendant's Motion to Bifurcate [Doc. 26] is **GRANTED**, whereby the trial shall be bifurcated into two phases. During the first phase, the jury shall determine liability for compensatory and punitive damages, and the amount of compensatory damages if defendant is found liable. *See* Id. As the Tennessee Supreme Court held in Hodges, "evidence of a defendant's financial affairs, financial condition, or net worth is not admissible" during this phase. Id. During the second phase, the jury shall determine the amount of punitive damages, if the jury found defendant liable for punitive damages during the first phase. Id.

### IV. CONCLUSION

For the foregoing reasons, defendant's Motion to Bifurcate the Trial [Doc. 26] is **GRANTED**, whereby the trial shall be bifurcated into two phases, as previously explained. Defendant's Motion for Partial Summary Judgment [Doc. 27] is **DENIED** because there are genuine issues of material fact regarding (1) whether there was a significant and material deviation between the Brown Tree Cutter and other comparable tree cutters as it relates to safety; and (2) if so, whether defendant knew of such deviation.

5

**IT IS SO ORDERED**.

**ENTER:**

        s/ Thomas W. Phillips
    United States District Judge